# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

michael@faillacelaw.com

November 8, 2013

**Via ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
 Foley Square
New York, NY 10007

　　　　　　　Re:　　*Mendez et al. v. International Food House, Inc. et al.*,
　　　　　　　　　　SDNY: 13-cv-2651 (JPO) (GWG)

Dear Judge Gorenstein:

　　　　We represent the Plaintiff in the above referenced matter.  We write to respectfully request a pre-motion conference pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practice 2.A to resolve a dispute with defendants International Food House, Inc. and Alberto Nunez ("Defendants") concerning their failure to comply with any discovery obligations.  We request that the Court sanction Defendants pursuant to Fed. R. Civ. P. 37(c) and (d) by: (1) precluding them from introducing any evidence or testimony concerning (A) the gross revenue of the Mofongo House restaurant run by Defendants, (B) the hours worked by Plaintiffs, and (C) the wages paid to Plaintiffs, (2) striking Defendants Answer and/or (3) rendering a default judgment against Defendants.

　　　　In an effort to resolve the dispute, Plaintiffs have attempted on multiple occasions to confer in good faith with Defense counsel by email and telephone.  Plaintiffs' counsel also informed Defense counsel that they would not oppose a request for an extension of discovery by Defendants if they needed more time to comply with their discovery obligations.  Unfortunately, Defendants chose not to seek an extension and the various telephone conferences and e-mails have not resolved the dispute, leaving Plaintiffs with no choice but to write to your Honor explaining the nature of the dispute.

Plaintiffs Position Regarding Defendants' Discovery Non-Compliance

　　　　Plaintiffs seek sanctions pursuant to Fed. R. Civ. P. 37 (c) and 37(d) for Defendants' complete failure to comply with any of their discovery obligations.  Plaintiffs served document requests, interrogatories and deposition notices on Defendants on June 17, 2013.  Although Defendants' responses were thus due on or around July 17, 2013, Plaintiffs generously agreed to numerous extensions for Defendants responses to the interrogatories and document requests.  Because of the delays in responding to written discovery, Plaintiffs also adjourned Defendants' depositions.

Plaintiffs first called Defendants' counsel to discuss their delinquent responses to Plaintiffs' discovery requests on approximately July 18, 2013. Defendants' counsel assured Plaintiffs that they were in possession of the responsive documents and would produce them shortly. When Defendants failed to produce any documents or respond in any way for the next month, on August 15, 2013 Plaintiffs again emailed and called Defendants counsel requesting that Defendants comply with their overdue discovery obligations. On August 29, 2013, Plaintiffs were again compelled to email and call Defendants' counsel reiterating their request for compliance with Defendants' delinquent discovery obligations. On approximately September 11, after multiple attempts over the prior three weeks, Plaintiffs finally were able to speak with Defendants' counsel on the phone. Defendants' counsel then stated he was in possession of responsive documents, was ready to produce them, and would bring them to the office of Plaintiffs' counsel sometime between September 16 and 18. Defendants again failed to abide by their promise and did not produce responsive documents. On October 3, 2013, Plaintiffs again reached out to Defendants inquiring why defendants did not produce the documents as promised. Finally, on October 17, Defendants responded by asking Plaintiffs to resend their document requests as Defendants had lost them. Plaintiffs did so 3 minutes later and also unsuccessfully attempted to call Defendants to discuss the schedule for production of any documents. Further, Plaintiffs emailed and attempted to call Defendants on October 30 and November 5 requesting Defendants comply with their discovery obligations. Defendants' response was the exact same as it was in July, that they would produce something in a few days.

The discovery deadline in this action was November 5, 2013. On October 30, 2013, Plaintiffs informed Defendants that we would not seek an extension of discovery and would seek sanctions against Defendants if they did not comply with their discovery obligations. On November 5, 2013, Plaintiffs again informed Defendants they would not seek an extension but also stated we would not oppose any extension request by Defendants. Defendants chose not to seek an extension of discovery.

Plaintiffs' counsel has repeatedly reminded Defendants' counsel of their overdue discovery responses and sought to obtain written responses and schedule depositions. Despite numerous extensions granted to Defendants to complete discovery, Defendants still have not provided Plaintiffs with written responses to Plaintiffs' request for production of documents or interrogatories. Nor have Defendants provided Plaintiffs with initial disclosures required by Fed. R. Civ. P. 26(a). Defendants have also not made their clients available for their noticed depositions.

Fed. R. Civ. P 37(d) authorizes the Court to impose sanctions when a party fails to appear for a noticed deposition or fails to serve answers, objections, or written responses to interrogatories or document requests. Additionally, Fed. R. Civ. P. 37(c) authorizes sanctions for failure to provide information or identify witnesses required in initial disclosure by Fed .R. Civ. P. 26(a). The available sanctions include, among other things, "prohibiting a disobedient party from supporting or opposing designated claims or defenses," "striking pleadings in whole or in

part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2), 37(d)(3).

Plaintiffs maintains that under the circumstances, a default judgment against Defendants is appropriate. While a default judgment is undoubtedly a "severe sanction[]," it is "appropriate in 'extreme situations,' as 'when a court finds willfulness, bad faith, or any fault on the part of the' noncompliant party." *Guggenheim Capital, LLC v. Birnbaum*, __ F.3d ___, 2013 U.S. App. LEXIS 4195, at *13 (2d Cir. July 15, 2013) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). In assessing the appropriateness of a particular sanction under Rule 37, courts consider "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the . . . noncompliance; and (4) whether the non-compliant party had been warned' that noncompliance would be sanctioned." *Id.*, 2013 U.S. App. LEXIS 4195, at *14 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

Defendants' noncompliance with discovery obligations has been willful. Defendants are represented by experienced counsel who regularly practices in this area, yet have not complied with basic discovery obligations. Plaintiffs granted Defendants numerous extensions of time to comply with its discovery obligations, and were frequently reminded by Plaintiffs' counsel of discovery deadlines, but nevertheless failed to comply with their obligations without offering any good faith basis for their non-compliance. The Court should find Defendants' noncompliance has been willful. *See Guggenheim Capital*, 2013 U.S. App. LEXIS 4195, at *15 (failure to comply with discovery obligations after receiving numerous extensions support finding of willfulness).

Second, lesser sanctions are unlikely to be effective. Because of the duration of Defendants' discovery noncompliance, a stay of proceedings to provide additional time would only serve to prejudice Plaintiffs. And because of the scope of Defendants' noncompliance — their complete failure to respond to any written discovery or appear for any deposition — any sanction must address the case in its entirety. Under the circumstances, entry of a default judgment against Defendants is the only remedy that will fully address Defendants' non-compliance with discovery.

Third, the duration of noncompliance has been extensive. The discovery requests were served on June 17, 2013. Defendants have failed to comply with discovery obligations for over four (4) months.

In this case, a default judgment sanction against Defendants is appropriate because Defendants' egregious refusal to participate in discovery has frustrated the adjudication of this case and left Plaintiffs at an unfair disadvantage. At the very least, the Court should issue an order of preclusion prohibiting Defendants from offering any documentary evidence or testimony in opposition to Plaintiffs claims or in support of their defendants. "No sanction other than preclusion will remedy the fact that [Plaintiffs] ha[s] been deprived of relevant discovery." *Harley v. Nesby*, 2011 U.S. Dist. LEXIS 142359, at *24 (S.D.N.Y. Dec. 12, 2011).

November 8, 2013
Page 4

Meet and Confer

     November 5, 2013 was the last day of discovery per your Honor's orders and Defense Counsel has yet to provide Plaintiffs with any discovery.  Counsel for the parties have met and conferred by telephone and a myriad of emails have been exchanged regarding this discovery dispute.  On October 30, 2013, Plaintiffs emailed and attempted to call Defendants requesting a meet and confer regarding Defendants failure to comply with the impending discovery deadline. As part of the October 30 email, Plaintiffs informed Defendants of the discovery deadline and stated Plaintiffs would seek sanctions if Defendants did comply with their discovery obligations.  Defendants were unavailable and never returned Plaintiffs call but did send an email stating they would produce documents sometime this week.  On November 5, 2013, Plaintiffs again emailed and called to attempt to meet and confer with Plaintiffs.  Again, Defendants never called Plaintiffs back.  On November 8, Plaintiffs again called Defendants in an attempt to meet and confer.  Defendants finally called Plaintiffs back and stated they would mail discovery responses today.  However, Defendants have stated this before, and any alleged production would be after the discovery deadline.

     We thus request a pre-motion conference to seek leave to file a motion for sanctions pursuant to Fed. R. Civ. P. 37(c) and (d) to: (1) preclude Defendants from introducing any evidence or testimony concerning (A) the gross revenue of the Mofongo House restaurant run by Defendants, (B) the hours worked by Plaintiffs, and (C) the wages paid to Plaintiffs; (2) strike Defendants Answer; and/or (3) render a default judgment against Defendants.

     We thank the Court for its attention to this matter.

                             Respectfully Submitted,

                             ___/s/____Michael Faillace___

CC:  Andrew Hoffman, *Esq*.