UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SONIA MENDEZ and ZAIDA MARQUEZ,
*individually and on behalf of others similarly
situated,*

                **Plaintiffs,**

                **-against-**

INTERNATIONAL FOOD HOUSE, INC.
(f/k/a ALBERT'S MOFONGO HOUSE, d/b/a
AROMA DITALIA), ZOILO RAMIREZ and
ALBERTO NUNEZ

                **Defendants.**
-----------------------------------------------------------------X

**Index No.  13-cv-2651(JPO)(GWG)**

**DECLARATION OF
ANDREW S. HOFFMANN
IN OPPOSITION TO
PLAINTIFFS' MOTION
IN LIMINE**

ANDREW S. HOFFMANN, hereby declares under penalty of perjury as follows:

1.       I am a member of Hoffmann & Associates, counsel for defendants International Food House, Inc. and Alerto Nunez in the above-captioned matter.

2.       I submit this declaration in opposition to plaintiffs' motion in limine seeking to preclude defendants from calling Jose Alvarez as a witness in the trial of this case.

3.       Defendants seek to call Mr. Alvarez, who is a Buffet Waiter at defendant's Restaurant.  We intend to have Mr. Alvarez testify in order to rebut plaintiffs' newly hatched claim that plaintiff Sonia Mendez, who previously worked at the Restaurant as a Buffett Waitress, was supposedly required to share her tips with managers.

4.       We did not disclose the name of Jose Alvarez as a potential witness until February 19, 2014 because, prior to that time, we had no idea that plaintiffs were making such a claim.

5.      The instant action is brought on behalf of plaintiff Mendez, who as noted above is a Buffet Waitress, and Zaida Marquez, who was a Cocktail Waitress.  In the complaint, plaintiffs specifically allege that plaintiff Marquez was required to share tips with her manager.  See Complaint at paragraph 75.  Critically, no such allegation is made in the complaint about Ms. Mendez.

6.      Plaintiffs now seek to preclude defendants calling Mr. Alvarez as a witness. We respectfully contend that such preclusion is not warranted in this instance.

7.      Defendants have provided plaintiffs with the names of seven (7) employees of the Restaurant who we plan to call as witnesses regarding specific allegations made in the complaint.  Plaintiffs have not sought to depose a single one of these witnesses. Accordingly, the late notice given to plaintiffs about Mr. Alvarez certainly did not cause them any prejudice given that they would not have deposed him even had they been advised we would be calling him as a witness.

8.      Moreover, as noted above, the complaint does not set forth any allegation that Ms. Mendez was required to share her tips.  We had no notice that plaintiffs intended to assert such a claim until I learned of this fact during a conversation I had with Joshua Androphy, one of plaintiffs' attorneys several weeks ago.

9.      I wish to point out to the Court that defendants did not undertake any discovery in this action.  Defendant Alberto Nunez is without significant assets, and currently supports his family from the proceeds of the Restaurant, which is a marginal business at best.  We have therefore attempted to defend his interests in this case in the most cost efficient and expeditious manner possible.  While it is certainly true that we might have learned of plaintifff's allegation on behalf of Ms. Mendez through extensive

discovery, we respectfully submit that defendants should not be penalized because of their lack of resources and inability to pay for the legal fees that woud have been incurred through extensive discovery.

      10.    In conclusion, because plaintiffs did not make any specific allegation about Ms. Mendez having to share tips with her manager, defendant should not be precluded from calling Mr. Alvarez as a witness at trial.

Dated: New York New York
February 28, 2014

Andrew S. Hoffmann