UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SONIA MENDEZ and ZAIDA MARQUEZ,
*individually and on behalf of others similarly situated*,

                    Plaintiffs,

                    -against-

INTERNATIONAL FOOD HOUSE, INC.
(f/k/a ALBERT'S MOFONGO HOUSE, d/b/a
AROMA DITALIA), ZOILO RAMIREZ and
ALBERTO NUNEZ

                    Defendants.
------------------------------------------------------------X

Index No. 13-cv-2651(JPO)(GWG)

DECLARATION OF
ANDREW S. HOFFMANN
IN OPPOSITION TO
PLAINTIFFS' MOTION
TO AMEND JOINT
PRETRIAL ORDER

ANDREW S. HOFFMANN, hereby declares under penalty of perjury as follows:

1. I am a member of Hoffmann & Associates, counsel for defendants International Food House, Inc. and Alberto Nunez in the above-captioned matter.

2. I submit this declaration in opposition to plaintiffs' motion to amend the joint pretrial order seeking to add exhibits to plaintiffs' exhibit list.

3. Plaintiffs seek to add to their exhibit list certified transcripts and translations of audio recordings of conversations which they intend to use at trial and to add a category of damages to the joint pretrial order. Plaintiffs further seek to add *additional* audio recordings which were not included in the joint pretrial order, along with their transcripts and translations thereof.

4. Plaintiffs first wrote to us on March 13, 2014 to request our consent to their anticipated request to supplement their exhibit list with a certified transcript and translation of the audio recordings outlined in the joint pretrial order and to add a category of damages.

We replied that we could not consent to the request to include a transcript and translation of tape recordings which we have never seen. Plaintiffs did not provide us with the transcript and translations they wished to add to their exhibit list until May 2, 2014, almost two months after we had asked them to provide us with what they were seeking to add to their exhibit list and six months after the close of discovery. On the same day plaintiffs' counsel advised us for the very *first* time that they had obtained *new* and *additional* audio recordings from their clients and also wished to include those to their exhibit list along with the transcripts and translations thereof.

    5.    Since discovery has already closed in this case many months ago, plaintiffs should not be permitted to move at this time to supplement their exhibit list with a transcript and translation, as well as additional audio recordings which were only produced well *after* the joint pretrial order had been submitted, and sent to us only this month. Furthermore, the original recordings were produced to us on or around January 7, 2014 and plaintiffs have not even advised us as to *who* they contend are persons speaking on the audio recordings and what aspects of their case they allege the audio recordings will support or prove. By producing them well after the close of discovery, plaintiffs have severely disadvantaged plaintiffs. As such, defendants will be prejudiced by the addition of the transcripts and translations of the audio recordings to plaintiffs' exhibit list. Plaintiffs had many months to produce the audio tapes in a timely manner and so that defendants could utilize discovery to assess their authenticity as well as the context of the recorded voices. Plaintiffs have also not advised us as to who they contend are persons speakings on the additional audio recordings which they are seeking to add to their exhibit list. The only indication that we have ever received as to what aspect of plaintiffs' case they allege these

additional recordings will support or prove is in plaintiffs' memorandum in support of their instant motion to amend the joint pretrial order.

6. The instant case was originally filed on April 23, 2013. Plaintiffs offer no excuse whatsoever about their failure to produce the audio tapes in a timely manner.

7. In conclusion, because plaintiffs did not disclose the additional transcripts and translations or the additional audio recordings and their transcripts and translations thereof until well *after* discovery had closed and after the joint pretrial order had already been submitted, defendant should not be prejudiced at trial by the late inclusion of the purported audiotapes.

Dated: New York New York
May 21, 2014

_____
**Andrew S. Hoffmann**